Nicholson, C. J.,
delivered the opinion of the Court.
The bill was filed by complainant as the regular guardian of defendants, who are the minor children of Franklin S. Beaumont, deceased, for the purpose of having certain lots in Nashville sold, to raise funds to pay taxes thereon, and to maintain and educate the children, all of whom were under fourteen years of age. The proceedings took place under chapter 3 of the Code, providing for “the sale of property of persons under disability.” A decree was ma'de order *227 ing the lots to be sold for one-fourth cash and the residue in one and two years, and the cash payment was directed to be made over to the regular guardian.
The lots were sold and a report of the sale made ‘to the court, from which it appears that A. Weil was the purchaser of one of the lots, and that he 'had complied with the terms of the sale by paying for one-fourth of his purchase in cash and executing his notes for the residue. Upon the coming in of the report, A. Weil objected to its confirmation, upon the ground that the proceedings had not conformed to the requirements of the statutes, and he asked that the money paid by him be refunded, and his notes delivered up and cancelled.
The Chancellor overruled the motion and decreed a confirmation of the report. A. Weil has appealed from the decree.
1. The objection to the proceedings is, that the guardian ad litem and solicitor who answered for the defendants, was appointed by the clerk and master at the Rules, and not by the Chancellor. Section 3324 provides that the defendant under disability shall be represented by next friend or guardian ad litem, and the court is authorized to appoint such representative as guardians ad litem are appointed. By s. 4420 it is provided that the clerk and master, at his office, shall appoint guardians ad litem for infants, upon its being made to appear by affidavit that they have no general guardian. Construing the two provisions of the Code together, we think that it was the object of the Legislature to confer upon the chancery *228 court the same authority to appoint guardians ad litem in applications for the sale of property of infants under disability as they already had in other cases where infants had no regular guardians, and where it was necessary that such should be appointed. It was not intended to restrict the appointing power to the Chancellor himself, but to authorize such appointment by the court as other guardians ad litem are appointed: that is, either by the Chancellor or the clerk and master at Rules, as provided by s. 4420. "We are therefore of opinion that no valid objection existed to the appointment of the guardian ad litem in the present case, the more especially as the Chancellor after-wards recognized the appointment as good, and virtually ratified it in the decree ordering the sale of the lots.
2. The only other objection to the proceedings was, that the decree ordering the sale of the lots directed the cash payment to be handed over by the commissioner to the regular guardian, instead of ordering it to be invested in pursuance of s. 3338. It has been seen that the bill was filed for the double purpose of raising cash funds to relieve the property from taxes that had accumulated, and of furnishing the means of giving maintenance and education to the children, and also to have the residue of the funds invested so as to yield an income. We may reasonably infer that the cash payment was required in order to meet the immediate necessities of the children and to pay taxes. That being so, it was not improper that the funds should be handed over to the guardian. But when *229 the residue shall be collected, it will be the duty of the court to see to its proper investment. We cannot see that the purchaser’s title could be in way affected by the failure of the court to order the investment of the funds.
Upon the whole, we think that the proceedings in the case have been in substantial compliance with the requirements of the statutes, and we affirm the decree of the Chancellor, with costs.